## THE STATE v. STANDLEY.

1. **Grand Jury** : TIME OF SUMMONING : INDICTMENT. Section 230 of the Code, which provides that "unless the judge otherwise orders, jurors shall be summoned to appear at ten o'clock A. M. of the second day of the term," furnishes no ground of objection to an indictment found at the August term, at which the grand jury was empaneled on the first day ; because said section, as to grand jurors, can refer only to the first term of the year, at which alone the grand jurors are summoned. (Code, secs. 239, 243.)

2. ——— : VARYING NUMBER IN DIFFERENT COUNTIES : CONSTITUTION- ALITY. Chapter 42, Laws of 1886, providing that grand juries, in counties having a population of sixteen thousand, or less, shall consist of five persons, is not in conflict with section six, article one, of the state constitution, which provides that "all laws of a general nature shall have a uniform operation," etc. ; especially since the third constitutional amendment gives the legislature power to fix the number of the grand jury at from five to fifteen.

3. ——— : SELECTION BY LOT : WHEN NOT REQUIRED. In this case, after a number of those who had been summoned and appeared as grand jurors had been excused, there were just enough left to fill the panel. *Held* that the statute requiring the panel to be filled by lot had no reasonable, and therefore no legal, application to such a case.

4. **Seduction** : CORROBORATION : INSTRUCTION. In a prosecution for seduction, the court, upon the matter of corroboration, instructed the jury to consider the opportunities of defendant to commit the crime, "as established and shown by the proof," and all other facts and circumstances of the case, "as the same have been estab- lished and described by the proof in the case," other than the evi- dence of the prosecuting witness. *Held* not to be subject to the objection that it informed the jury that the corroborating facts and circumstances had been proved.

5. ——— : ALIBI : INSTRUCTION. In such case, where defendant relied upon an *alibi*, the court instructed the jury to consider the evidence upon this defense, together with all the evidence, *in* determining defendant's guilt. *Held* correct.

6. ——— : EVIDENCE : INSTRUCTION. In such case a direction to the jury to weigh all the evidence and consider all the instructions, and, if they found that defendant did seduce the woman, to find him guilty ; *held* not a direction to find him guilty even though they found the woman unchaste, since in other instructions, which they were charged to consider, they were rightly informed of the effect of such unchastity if found.

*Appeal from Adair District Court.*—HON. A. W.
WILKINSON, Judge.

FILED, DECEMBER 19, 1888.

THE defendant was convicted of the crime of seduc-.
tion, and now appeals to this court.

*Willard & Don Carlos* and *Gow & Hager*, for
appellant.

*A. J. Baker*, Attorney General, for the State.

BECK, J.—I. The defendant at the proper time
moved to set aside the indictment upon various grounds,
which we will proceed to consider.

The indictment was found and returned at the
August term of the court. The first objection presented
in argument by counsel, upon which they
claim the motion to set aside the indictment
should have been sustained, is that the court
made no order for the appearance of the grand jury
upon the first day of the August term, at which the
indictment was found. Counsel's position in support of
this objection is based upon Code, section 230, which
contains these words: "Unless the judge otherwise
orders, jurors shall be summoned to appear at ten o'clock
A. M. of the second day of the term, at which time they
shall be called, and all excuses heard and determined
by the court." But this provision is not applicable
to the case before us. Grand jurors are selected and
serve for one year, beginning January 1 (Code. sec. 239),
and are not summoned except for the first term. Code,
sec. 243. The indictment in this case was found at the
August term, which was not the first term of the year.
The grand jurors, therefore, could have been required
to appear at that term, on the first day, without a sum-
mons. We will presume, nothing appearing to the con-
trary, that their appearance on the first day was in
obedience to some order, direction or rule made by the

*1. GRAND jury:
time of sum-
moning:
indictment.*

court.   Indeed, if the jurors were present on that day, without an order or direction, there is no reason why they should not then be impaneled.

II.   Chapter 42, Acts Twenty-First General Assembly, amending Code, section 231, provides that grand

2. ——: varying number in different counties: constitutionality.

juries, in counties having a population of 16,000 or less, shall consist of five persons; and, in counties having a population over 16,000, of seven.   It is insisted that this statute is in conflict with section 6, article 1, of the state constitution, which declares that "all laws of a general nature shall have a uniform operation.   The general assembly shall not grant to any citizen, or class of citizens, privileges or immunities which upon the same terms shall not equally belong to all citizens."  This statute operates uniformly upon citizens similarly situated.   In all counties of less population than 16,000, the grand jury consists of five jurors.   The citizens of all counties of this class are affected uniformly by the act. The same is true as to citizens of counties having more than 16,000 population.   The legislature, under the third constitutional amendment of 1884, may by statute fix the number of the grand jury at from five to fifteen. Unless the provision of the constitution just referred to forbid it, the legislature may provide that the grand jury need not be of uniform numbers in all the counties.   Doubtless the framers of the constitution, and the legislature enacting the statute, esteemed that grand juries should be composed of a number in proportion to the population of the counties, for the reason that a smaller county could be served by a jury not so numerous as a larger one requires.   It is plain that the duties of grand jurors are such that the due administration of the law does not require that they should be of the same number in all the counties.   The uniformity of the operation of the statutes secured by the provision of the constitution above quoted is applicable to persons having like relations and entitled to the same rights; and it is not intended to forbid legislation which secures justice by modifying regulations, so that they may be

adapted to the wants and to the protection of the rights of the people in less or more populous political subdivisions of the state. Legislation of this kind is not uncommon, and instances thereof occur in provisions for the election of members of the legislature, and of judicial and executive officers; their number being determined by the number of their constituency. *State v. Salts*, 39 N. W. Rep. 168.* Counsel for defendant maintained that as the *venire* was issued and served prior to January 1, 1887, chapter 42, Acts Twenty-First General Assembly, is not applicable to require the number of jurors prescribed therein to be summoned, but the number should conform to the provisions of the old statute. But the statute is applicable, for section 5 directs that its provisions shall apply to juries to be impaneled on or after the first Monday of January, 1887. The number of the jurors rightly conformed to the requirements of the statute.

III. The precise number of grand jurors appeared, after certain ones were excused, which was demanded to

3. ——: selection by lot: when not required.

fill the panel. They were then impaneled and sworn. Code, section 4256, as amended by section 3, chapter 42, Acts Twenty-First General Assembly, provides that from the number appearing a selection by lot shall be made. But, as there was present only the precise number required, a drawing would have been useless, for it would have taken all of the jurors who appeared. The law does not require such useless and vain acts to be done.

IV. It is insisted that a juror, Quinn, should have been excluded, for the reason that he had been a grand juror within a year. But the abstract before us does not support the fact that he had so served within the time, not being of the regular panel, which would be a cause of challenge. Code, sec. 239.

V. The court directed the jury that, to determine whether the woman alleged to have been seduced was

---

*[THE opinion in this case is held on petition for rehearing, and hence is not yet officially reported.—REPORTER.]

The State v. Standley.

4. SEDUCTION:
corrobora-
tion: instruc-
tion.
corroborated in her testimony, the jury should consider the opportunities of defendant to commit the crime, "as established and shown by the proof," and all other "facts and circumstances of the case, as the same have been established and developed by the proof in the case, other than the evidence of Rosa Sickles," the woman seduced. Counsel insist that this instruction informs the jury that the corroborating facts and circumstances were proved by the evidence, and that it is therefore erroneous. The criticism is not warranted by the language of the instruction. The jury could not have understood it in the sense counsel claim it bears.

VI. The court in pretty full language, in effect, directed the jury that the prosecuting witness, upon sufficient proof, could be found unchaste, though no proof of unlawful sexual intercourse were established. Counsel seem to think that the jury could have inferred that proof of unlawful sexual intercourse, under the language of the instruction, would not of itself establish unchastity. But the criticism of counsel is not well founded. The jury could not fail to understand the instruction as expressing the thought it was given to communicate, namely, that proof of sexual intercourse is not essential to establish unchastity.

VII. One of the defenses relied upon was an *alibi*. The court below, in an instruction, directed the jury

5. ——: alibi:
instruction.
to consider the evidence upon this defense, together with all the evidence, in determining defendant's guilt. This instruction is now the subject of complaint. It is surely correct. All evidence bearing upon the question of an *alibi*, directly or indirectly, must be urged in determining the sufficiency of the defense. Suppose positive, direct and clear testimony were given of the *alibi*. Other evidence given, on other points of the case, showed that it was physically impossible for the defense of *alibi* to be true. It would be absurd to say that the jury should not consider such evidence with the evidence of the *alibi*.

VIII. The jury were directed in the fifteenth

instruction that they should carefully and deliberately weigh all the evidence, and consider all the instructions, and, if they found that defendant did seduce the woman, they should find him guilty. Counsel insist that this instruction permits a verdict of guilty, without considering the questions of the woman's previous chaste character. But in prior instructions the jury were directed as to that question, and in this they are admonished to consider those instructions. The objection to the instruction is not well taken.

6. ——: evidence: instruction.

IX. The evidence sufficiently supports the verdict. We have considered all questions in the case, and reach the conclusion that the judgment of the district court ought to be

AFFIRMED.